IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDWARD HARRIS, individually and on behalf of those similarly situated, | )<br>)<br>) CASE NO. 16-cv-917 |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| ORTHOTICS ON THE GO, INC., SUPPORTS FOR KANSAS, INC., and ARNOLD PEREIRA, individually and d/b/a GOOD FEET MIDWEST and THE GOOD FEET STORE, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Comes Plaintiff EDWARD HARRIS ("Plaintiff" or "Representative Plaintiff"), on behalf of himself and all others similarly situated ("Class Members"), and for his collective and class action complaint against Defendants ORTHOTICS ON THE GO, INC., SUPPORTS FOR KANSAS, INC., and ARNOLD PEREIRA, individually and d/b/a GOOD FEET MIDWEST and THE GOOD FEET STORE ("Defendants"), alleges the following:

### I. OVERVIEW

1. This is a collective and class action brought by Individual and Representative Plaintiff Edward Harris (hereinafter "Plaintiff," or "Harris"), on behalf of himself and all similarly situated current and former, non-exempt Sales Consultants ("Class and Collective Class Members") who worked for Defendants at Defendants' stores located in Wisconsin and other states and who: a) worked "off the clock;" and/or b) were not paid for all hours worked; and/or c) were not paid overtime for hours worked in excess of 40 hours in a workweek.

2. During his employment with Defendants, including the Recovery Periods as defined below, Harris and Class and Collective Class Members were classified as non-exempt employees by Defendants who regularly and routinely worked more than 40 hours in a typical workweek.

3. During his employment with Defendants, including during the Recovery Periods as defined below, Harris and Class and Collective Class Members: a) worked "off the clock;" and/or b) worked hours for which they were not paid; and/or c) were denied proper overtime compensation.

4. During his employment with Defendants, including the Recovery Periods as defined below, Defendants regularly and routinely violated the Fair Labor Standards Act ("FLSA") and/or Wisconsin state law in a willful manner by failing to pay Harris and Class and Collective Class members for all hours worked, including overtime pay at time and one-half times their regular rates of pay for all hours worked in excess of forty (40) hours within a workweek.

5. Harris and the Class and Collective Class members are similarly situated under Federal Rule of Civil Procedure 23 and the FLSA, 29 U.S.C. § 216(b), as they commonly suffered wage losses under Defendants' illegal policies, practices and procedures as alleged herein.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 & §1343. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Eastern District of Wisconsin under 28 U.S.C. §1391 because Defendants' principal place of business is in this District and a substantial portion of the events forming the basis of the suit occurred in this District.

## III. PARTIES

8. Plaintiff Edward Harris ("Harris") is a resident and citizen of Wichita, Kansas. Harris' Consent Form to join this lawsuit is attached as Exhibit 1. During the Recovery Periods as defined below, Harris worked as a Sales Consultant for Defendants in Wichita, Kansas.

9. Defendant Orthotics on the Go, Inc. ("OOTG") is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. OOTG's registered agent for service in Wisconsin is CT Corporation System, 8020 Excelsior Drive, Suite 200, Madison, Wisconsin 53717. OOTG does business as Good Feet Midwest and The Good Feet Store.

10. Defendant Supports for Kansas, Inc. ("SFK") is a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin. SFK's registered agent for service in Wisconsin is Arnold Pereira, 600 W. Virginia Street, Suite 202, Milwaukee, Wisconsin 53204. SFK does business as Good Feet Midwest and The Good Feet Store.

11. Defendant Arnold Pereira ("Pereira") is a resident and citizen of Wisconsin. Pereira does business as Good Feet Midwest and The Good Feet Store.

12. Defendants, either individually or collectively, are franchisees of approximately sixteen (16) The Good Feet Stores. Individually or collectively, Defendants operate The Good Feet Stores in Wisconsin (Milwaukee and Appleton), Iowa (Des Moines), Nebraska (Omaha), Missouri (St. Louis), Kansas (Kansas City and Wichita), Oklahoma (Oklahoma City and Tulsa), and Texas (Austin, Clear Lake/Webster, Houston, San Antonio, Sugar Land, and The Woodlands).

13. Defendants are in the business of selling orthotic shoes.

14. Defendants regularly employ approximately ninety-five (95) employees at any given time.

**IV. COVERAGE UNDER THE FLSA**

15. At all material times, Defendant OOTG was and/or is an employer of Harris and Class and Collective Class members within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

16. At all material times, Defendant SFK was and/or is an employer of Harris and Class and Collective Class members within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

17. At all material times, Defendant Pereira was and/or is an employer of Harris and Class and Collective Class members within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

18. At all material times, Defendant OOTG has constituted an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

19. At all material times, Defendant SFK has constituted an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

20. At all material times, Defendant Pereira has constituted an enterprise within the meaning of §3(r) of the FLSA, 29 U.S.C. §203(r).

21. At all material times, Defendant OOTG has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of §3(s)(1) of the FLSA because it has had employees engaged in commerce and made an annual gross income of not less than $500,000. 29 U.S.C. §203(s)(1).

22. At all material times, Defendant SFK has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of §3(s)(1) of the FLSA because it has had employees engaged in commerce and made an annual gross income of not less than $500,000. 29 U.S.C. §203(s)(1).

23. At all material times, Defendant Pereira has been an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of §3(s)(1) of the FLSA because he

4

Case 2:16-cv-00917-PP   Filed 07/13/16   Page 4 of 17   Document 1

has had employees engaged in commerce and made an annual gross income of not less than $500,000. 29 U.S.C. §203(s)(1).

24. At all material times, Harris and Class and Collective Class Members are or were employees within the meaning of §3(e)(1) of the FLSA. 29 U.S.C. §203(e)(1).

25. At all material times, the minimum wage and overtime provisions set forth in §6 and §7, respectively, of the FLSA applied to Defendants, and to each of Defendants' non-exempt Sales Consultants pursuant to 29 U.S.C. §206 and §207.

### V. FACTUAL ALLEGATIONS PERTAINING TO ALL CLAIMS

26. Defendants operate approximately sixteen (16) The Good Feet Stores ("Stores") referenced in Paragraph 12, selling orthotic shoes to customers who visit one of their Stores.

27. Defendants utilize a uniform and common business model and mode of operation at each of their Stores.

28. Defendants utilize a centralized, common and uniform time-keeping system for all of their Stores.

29. Defendants utilize a centralized, common and uniform pay system for all of their Stores.

30. Defendants utilize common and uniform policies, practices and procedures for all of their Stores, including but not limited to common and uniform policies, practices and procedures related to the clocking in and clocking out of Sales Consultants.

31. Defendants utilize a uniform and common organizational structure throughout their Stores, consisting of Sales Consultants, Store Managers, Regional Managers, and upper management.

5

32. Harris was employed by one or all Defendants, working as a Sales Consultant at the Wichita, Kansas Store from approximately mid-September 2014 to mid-April 2016.

33. During the Recovery Periods as defined below, Harris worked as a non-exempt employee, entitling him to minimum wage and overtime pay under the FLSA and/or Wisconsin state law.

34. During the Recovery Periods as defined below, the Class and Collective Class Members worked as non-exempt employees, and therefore, were entitled to minimum wage and overtime pay under the FLSA and/or Wisconsin state law.

35. The job duties by Harris as a Sales Consultant during his employment with one or all Defendants were substantially similar to those performed by Class and Collective Class Members during their employment with Defendants, including during the Recovery Periods as defined below.

36. During their employment as Sales Consultants with Defendants, including during the Recovery Periods as defined below, Defendants classified Harris and Sales Consultants as non-exempt employees under the FLSA and/or Wisconsin state law.

37. During the Recovery Periods as defined below, Harris and Class and Collective Class Members routinely and regularly worked more than forty (40) hours per week. More specifically, in the majority of weeks they were employed as Sales Consultants by Defendants, Harris and Class and Collective Class Members regularly and routinely worked a minimum of 45-50 hours per week.

38. During their employment as Sales Consultants, including the Recovery Periods as defined below, Harris and Class and Collective Class Members frequently worked "off the clock," and were frequently required to clock out early through Defendants' time-keeping system, while

6

being required to continue working for a period of time thereafter until the Stores closed, and still performing duties associated with their employment.

39. During their employment as Sales Consultants, including during the Recovery Periods as defined below, Defendants had a uniform policy, practice and/or procedure in place at all of their Stores requiring Sales Consultants to frequently work "off the clock," without pay, or overtime pay for workweeks in which they worked in excess of 40 hours in violation of the FLSA and/or Wisconsin state law.

40. During their employment as Sales Consultants, including during the Recovery Periods as defined below, Defendants had a uniform policy, practice and/or procedure in place at all of their Stores requiring Sales Consultants to frequently work through meals and breaks.

41. Defendants' illegal policies, practices and/or procedures described above constitute and constituted a willful violation of the FLSA and/or Wisconsin state law.

42. Defendants were aware, or should have been aware, that Sales Consultants performed work "off the clock" that required payment of wages, including overtime pay, for all of their hours worked; however, Defendants routinely suffered and permitted Sales Consultants, including Harris and Class and Collective Class Members to work "off the clock" without pay, including overtime compensation for all the hours they routinely worked in excess of 40 hours in a workweek.

43. Defendants' management and supervisory-level employees routinely and regularly review and reviewed the time records of Sales Consultants, and thus, are and were fully aware that Sales Consultants are and were working "off the clock" because the managers/supervisors are and were present to visibly observe Defendants' Sales Consultants working after the Sales Consultants were clocked out.

44. Defendants' management and supervisory-level employees are and were fully aware of Defendants' business operations, as well as Defendants' policies, practices and procedures which "closed the books" for the day, which necessarily took Sales Consultants "off the clock;" while still being required to continue working for some time thereafter.

45. Moreover, it is these same managerial and supervisory employees of Defendants who instructed Sales Consultants to continue working, despite knowing that the Sales Consultants were "off the clock."

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA and/or Wisconsin state law because Defendants knew or showed reckless disregard for the fact that their time-keeping and/or compensation policies, practices and procedures violated the law.

## VI. FLSA COLLECTIVE ACTION ALLEGATIONS

47. Harris reasserts and re-alleges the allegations set forth above.

48. The FLSA regulates, among other things, the payment of wages for minimum wage and overtime worked by employees who are engaged in interstate commerce or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §207(a)(1).

49. Harris brings this FLSA collective action on behalf of himself and all other persons similarly situated pursuant to §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), which provides, in pertinent part, as follows:

> An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.

50. The Collective Action Class consists of all current and former Sales Consultants who worked at Defendants' Stores at any time since July 13, 2013.

51. Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions from overtime pay apply to Harris or the Collective Class Members while working as Sales Consultants.

52. The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees for all hours worked, including minimum wage and overtime pay at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per in a workweek.

53. The FLSA requires covered employers, such as Defendants, to make, keep, and preserve accurate records of the hours worked by non-exempt employees.

54. Harris and Collective Action Class Members are and were victims of Defendants' widespread, repeated, systematic, illegal and uniform compensation policies, practices and/or procedures designed to evade the requirements of the FLSA.

55. Defendants willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint, in ways including, but not limited to, knowingly failing to pay Sales Consultants for all hours worked, including minimum wage and overtime compensation.

56. Defendants have/had uniform policies, practices and/or procedures which require and required Sales Consultants, including Harris and Collective Action Class Members, to work without compensation in violation of the FLSA. Specifically, Defendants require and required Sales Consultants, including Harris and Collective Action Class Members to work "off the clock."

9

57. Further, pursuant to Defendants' uniform policies, practices and/or procedures, although Defendants regularly require and required Harris and Collective Action Class Members to work more than 40 hours in a work week, Harris and Collective Action Class Members were not paid at the rate of at time and one-half their regular rates of pay for any hours they worked beyond 40 hours in a workweek.

58. Defendants' conduct constitutes willful violations of the FLSA within the meaning of 29 U.S.C. §255.

59. Defendants are liable under the FLSA for failing to properly compensate Harris and Collective Action Class Members. Harris is substantially similar to Collective Action Class Members, and, as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former Sales Consultants of Defendants who have suffered from Defendants' common and uniform policies, practices and/or procedures of not paying Sales Consultants, including Harris and Collective Action Class Members, for all hours worked, including overtime, and who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in this action. Those similarly situated employees are known to Defendants, and are readily identifiable through Defendants' records.

60. Harris and Collective Action Class Members are entitled to damages equal to pay for all hours worked, including minimum wage and overtime pay for hours worked at the overtime premium rate mandated by the FLSA within the three (3) years preceding the filing of the Complaint, because Defendants acted willfully and knew, or showed reckless disregard for whether, their conduct was prohibited by the FLSA.

61. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA as alleged in the preceding Paragraphs. As a result thereof, Harris and Collective Action Class Members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid compensation, including minimum wage and overtime compensation, as permitted by §16(b) of the FLSA. *See* 29 U.S.C. §216(b). Alternatively, should the Court find that Defendants acted in good faith and with reasonable grounds to believe they were complying with the FLSA, Harris and Collective Action Class Members are entitled to an award of prejudgment interest at the applicable legal rate.

62. As a result of the aforesaid violations of the FLSA's provisions, including the FLSA's overtime provisions, pay and overtime compensation has been unlawfully withheld by Defendants from Harris and Collective Action Class Members. Accordingly, Defendants are liable under §16(b) of the FLSA (codified at 29 U.S.C. §216(b)), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## VII. WISCONSIN STATE LAW CLASS ACTION ALLEGATIONS

63. Harris reasserts and re-alleges the allegations set forth above.

64. Harris brings this Wisconsin state law class action pursuant to Fed. R. Civ. P. 23(a) and (b) on behalf of himself and all other persons similarly situated (the "Class Action Class"). The Class Action Class is defined as "all current and former Sales Consultants who worked at Defendants' Stores at any time since July 13, 2014."

65. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and

belief, Defendants employ or has employed more than 50 individuals who satisfy the definition of the Class Action Class during the Recovery Period from July 13, 2014, to the present.

66. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual Class Members, including, but not limited to:

    a. Whether Defendants unlawfully failed to pay proper wages to Harris and Class Action Class Members in violation and within the meaning of Wis. Stat. § 104.02 and Wis. Admin. Code § DWD 272.03;

    b. Whether Defendants unlawfully failed to pay overtime wages to Harris and Class Action Class members in violation and within the meaning of Wis. Stat. § 103.03 and Wis. Admin. Code § DWD 274.03;

    c. Whether Defendants unlawfully failed to pay wages to Harris and Class Action Class Members in violation and within the meaning of Wis. Stat. § 109.03;

    d. The nature and amount of compensable work performed by Harris and Class Action Class Members;

    e. Whether Defendants employed Harris and Class Action Class Members within the meaning of Wisconsin Law; and

    f. The proper measure of damages sustained by Harris and Class Action Class Members.

67. Harris' claims are typical of those of Class Action Class Members. Like other Class Action Class Members, Harris was subjected to Defendants' illegal pay practice of suffering and permitting Sales Consultants to work off the clock without pay, including minimum wage and overtime pay for hours worked over forty hours and in a workweek.

68. Harris will fairly and adequately protect the interests of the Class Action Class and has retained counsel experienced in complex wage and hour litigation.

69. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large employer, particularly those with relatively small claims.

70. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3), because questions of law and fact common to Class Action Class Members predominate over any questions affecting only individual members of the Class Action Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies, practices and procedures denied Class Action Class Members from receiving wages for all hours worked, including minimum wage and overtime, to which they were and are entitled. The damages suffered by individual Class Action Class Members are small compared to the expense and burden of individual prosecution of this litigation.

71. This action is properly maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class Action Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

72. Harris intends to send notice to all Class Action Class Members to the extent required by the Court and Rule 23.

73. The foregoing conduct, as alleged, violates Wis. Stat. §§ 103.03, 104.02, 109.03, and Wis. Admin. §§ DWD 272.03 and 274.03.

13

74. At all relevant times, Defendants have been, and continue to be, an "employer" within the meaning of Wis. Stat. §§ 103.001, 104.01 and 109.01(2).

75. At all relevant times, Harris and Class Action Class Members, at least collectively, were Defendants' employees within the meaning of Wis. Stat. §§ 103.001(5), 104.01(2), and 109.01(1r).

76. Wisconsin law requires an employer to pay overtime compensation to all non-exempt employees. Wis. Stat. § 103.02; Wis. Amin. § DWD 274.03.

77. Wisconsin law requires employers to pay employees at least the minimum wage for all hours. Wis. Stat. § 104.03; Wis. Admin. § DWD 272.03.

78. Wisconsin law requires employers to pay employees all wages earned by a day not more than 31 days prior to the date of payment. Wis. Stat. § 109.03.

79. Harris and Class Action Class Members are not exempt from the minimum wage and overtime pay requirements of Wisconsin law.

80. During the applicable statute of limitations, Defendants have and had a policy, practice and procedure of failing and refusing to pay minimum wages to Harris and Class Action Class Members for all hours worked.

81. During the applicable statute of limitations, Defendants have and had a policy, practice and procedure of failing and refusing to pay all overtime wages to Harris and Class Action Class Members for those weeks in which they worked in excess of 40 hours.

82. During the applicable statute of limitations, Defendants have and had a policy, practice and procedure of failing and refusing to pay wages, including minimum and overtime wages, to Harris and Class Action Class Members for all hours they worked.

14

Case 2:16-cv-00917-PP   Filed 07/13/16   Page 14 of 17   Document 1

83. As a result of Defendants' willful failure to pay overtime and minimum wages earned and due to Harris and Class Action Class Members, Defendants have violated, and continue to violate, Wis. Stat. §§ 103.03, 104.03, 109.03, and Wis. Admin Code §§ DWD 272.03 and 274.03.

84. Harris, on his own behalf and on behalf of Class Action Class Members, seeks recovery of attorney's fees, costs, and expenses of this action to be paid by Defendants, as provided by Wis. Stat. § 109.03(6).

85. Harris, on his own behalf and on behalf of Class Action Class Members, seeks damages in the amount of the unpaid wages earned and due as provided by Wis. Stat. §§ 103.03, 104.03 and 109.03, and any penalties due under Wis. Stat. § 109.11, as well as such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

### VIII. PRAYER FOR RELIEF

86. Wherefore, Plaintiff Harris, on behalf of himself and all other similarly situated Members of the Collective Action and Class Action Classes, respectfully requests that this Court grant the following relief:

a. An order designating this action as a collective action on behalf of Collective Action Class Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA Collective Action Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consents to join this lawsuit pursuant to 29 U.S.C. §216(b);

b. An order certifying this action as a class action on behalf of the Class Action Class under Fed. R. Civ. P. 23(a) and 23(b)(2) and/or Fed. R. Civ. P(b)(3);

c. An order designating Plaintiff Harris as a representative of the Collective Action Class and the Class Action Class;

d. An order designating Hawks Quindel, S.C., and Dickinson Wright PLLC as counsel for the Collective Action Class and the Class Action Class;

e. An award of unpaid wages, including all overtime compensation, due under the FLSA and/or Wisconsin state law;

f. An award of liquidated damages and/or penalties as a result of the Defendants' failure to exercise good faith in failing to pay lawful overtime compensation pursuant to 29 U.S.C. §216 and under Wisconsin state law*;*

g. An award of prejudgment and post-judgment interest;

h. An award of costs and expenses of this action, together with reasonable attorneys' fees; and

i. Such other and further relief as this Court deems just and proper.

Dated this 13th day of July, 2016

Respectfully submitted,

**s/Summer H. Murshid**
Larry A. Johnson
Bar Number 1056619
Summer Murshid
Bar Number 1075404
Timothy Maynard
Bar Number 1080953

**Hawks Quindel, S.C.**
222 East Erie, Suite 210
P.O. Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
E-mail: ljohnson@hq-law.com
smurshid@hq-law.com
tmaynard@hq-law.com

*Attorneys for Plaintiff, the Putative Collective Action Class and the Putative Class Action Class*

s/Martin D. Holmes
Martin D. Holmes
TN Bar Number 012122*

**Dickinson Wright, PLLC**
424 Church Street, Suite 1401
Nashville, TN 37219
Telephone: 615-244-6538
Fax: 615-256-8386
E-mail: mdholmes@dickinsonwright.com
   Telephone: 615-620-1717
   Fax: 615-256-8386

*Attorneys for Plaintiff, the Putative Collective Action Class and the Putative Class Action Class*

*Admission to practice in the Eastern District of Wisconsin pending

NASHVILLE 69965-1 573635v1